THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, and the
COMMONWEALTH OF
MASSACHUSETTS *ex rel.*,
JOSEPH OUKO and SYED HUSSAIN,

        Plaintiffs,

v.

ARBOR HOMECARE SERVICES, LLC, *et al.*,

        Defendants.

1:15-cv-12740-GAO

## DEFENDANT FAITH NEWTON'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes Faith Newton (hereinafter "Newton" or "Defendant") and hereby answers the Plaintiffs' First Amended Complaint as follows:

1.    Newton admits that Arbor Homecare Services, LLC is a home health agency that provides in-home services to patients in Massachusetts and denies the remaining allegations contained in paragraph 1 and calls upon Plaintiffs to prove same.

2.    Newton admits that Arbor provides home health care services to Medicare and Medicaid (MassHealth) beneficiaries and may bill Medicare and/or MassHealth for services, and denies the remaining allegations contained in Paragraph 2 and calls upon Plaintiffs to prove same.

3.    Newton denies the allegations contained in contained in paragraph 3 and calls upon the Plaintiffs to prove same.

4.     Newton denies the allegations contained in contained in paragraph 4 and calls upon the Plaintiffs to prove same.

5.     Newton denies the allegations contained in contained in paragraph 5 and calls upon the Plaintiffs to prove same.

6.     Newton admits that Arbor received more than $10 million in reimbursements from Medicare and MassHealth since 2013, and denies the remaining allegations contained in paragraph 6 and calls upon the Plaintiffs to prove same.

7.     Newton denies the allegations contained in contained in paragraph 7 and calls upon the Plaintiffs to prove same.

8.     Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 and calls upon Plaintiff to prove same.

9.     Newton admits that Joseph Ouko was previously employed by Arbor, and lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 and calls upon Plaintiff to prove same.

10.     Newton admits that Syed Hussain was previously employed by Arbor, and lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 and calls upon Plaintiff to prove same.

11.     Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 11 and calls upon Plaintiff to prove same.

12.     Newton lacks sufficient knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 12 and calls upon Plaintiff to prove same.

13.     Newton lacks sufficient knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13 and calls upon Plaintiff to prove same.

14.     Newton admits that she is a registered nurse and is employed by Arbor and at one time served as Director of Nursing, and denies the remaining allegations contained in paragraph 14 and calls upon Plaintiffs to prove same.

15.     The allegations contained in paragraph 15 do not pertain to this defendant, therefore no response is required.

16.     The allegations contained in paragraph 16 are conclusions of law for which no response is required. To the extent further response is required, the allegations are denied.

17.     The allegations contained in paragraph 17 are legal conclusions for which no response is required.  To the extent further response is required, the allegations are denied.

18.     The allegations contained in paragraph 18 do not apply to this defendant for which no response is required.  In further answering, the allegations are legal conclusions for which no response is required.  To the extent further response is required the allegations are denied.

19.     The allegations contained in paragraph 15 do not pertain to this defendant, therefore no response is required.  Newton admits that Arbor provides home health services to Massachusetts residents.  Newton lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 and calls upon Plaintiff to prove same.

20.     The allegations contained in paragraph 20 are legal conclusions for which no response is required.  The Defendant states that the Medicare and MassHEalth

statutes and regulations speak for themselves. To the extent further response is required, the allegations are denied and calls upon Plaintiffs to prove same.

21.     The allegations contained in paragraph 21 do not pertain to this defendant, therefore no response is required.  Newton admits that Medicare is overseen by the United States Department of Health and Human Services Centers for Medicare and Medicaid Services.  Newton lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 21 and calls upon Plaintiff to prove same.

22.     The allegations contained in paragraph 22 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

23.     The allegations contained in paragraph 23 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

24.     The allegations contained in paragraph 24 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

25.     The allegations contained in paragraph 24 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves. To the extent that paragraph contained factual allegations, the defendant denies the allegations and calls upon the plaintiffs to prove same.

26.     The allegations contained in paragraph 26 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

27.     The allegations contained in paragraph 27 are legal conclusions for which no response is required.  In further answering, Newton lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 and calls upon Plaintiff to prove same.

28.     The allegations contained in paragraph 28 are legal conclusions for which no response is required.  In further answering, Newton lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 28 and calls upon Plaintiff to prove same.

29.     The allegations contained in paragraph 29 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

30.     The allegations contained in paragraph 30 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

31.     The allegations contained in paragraph 31 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

32.     The allegations contained in paragraph 32 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

33.     The allegations contained in paragraph 33 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions, including Form CMS-855A,  of the Medicare program speak for themselves.

34.     Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 34 and calls upon Plaintiff to prove same.  The Defendant also objects to the phrase at "all relevant times" as vague and undefined.

35.     The allegations contained in paragraph 35 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

36.     The allegations contained in paragraph 36 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

37.     The allegations contained in paragraph 33(a)-(c) are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

38.     The allegations contained in paragraph 38 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

39.     The allegations contained in paragraph 39 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program and forms speak for themselves.

40.     The allegations contained in paragraph 40 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare program speak for themselves.

41.     The allegations contained in paragraph 41(a)-(c) are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the MassHealth program speak for themselves.

42.     The allegations contained in paragraph 41(a)-(e) are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the MassHealth program speak for themselves.

43.     The allegations contained in paragraph 41(a)-(d) are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the MassHealth program speak for themselves.

44.     The allegations contained in paragraph 44 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the MassHealth program speak for themselves.

45.     The allegations contained in paragraph 45 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the MassHealth program speak for themselves.  To the extent paragraph 45 makes factual allegations, Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 45 and calls upon Plaintiff to prove same.

46. The allegations contained in paragraph 46 are legal conclusions for which no response is required. In further answering, Newton states that the applicable statutory and regulatory provisions of the MassHealth program speak for themselves.

47. The allegations contained in paragraph 47 are not applicable to this defendant, therefore no response is required. To the extent a further response is required, Newton admits that Arbor bills Medicare and Medicaid with the use of Atiss, LLC and Newton lacks knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 47 and calls upon Plaintiffs to prove same.

48. Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 48 and calls upon Plaintiffs to prove same.

49. Newton admits that some Arbor employees utilize the Axxess software and denies the remaining allegations contained in Paragraph 49 and calls upon Plaintiffs to prove same.

50. Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 50 and calls upon Plaintiffs to prove same.

51. Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 51 and calls upon Plaintiffs to prove same.

52. Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 52 and calls upon Plaintiffs to prove same.

53. Newton admits that she receives a weekly report from Atiss and denies the remaining allegations contained in paragraph 53 of the Amended Complaint.

54.     Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 54 and calls upon Plaintiffs to prove same.

55.     The allegations contained in paragraph 55 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

56.     Newton lacks knowledge and information sufficient to form a belief as to the allegations contained in the first sentence in Paragraph 54 and calls upon Plaintiffs to prove same.  With regard to the allegations contained in the second sentence of paragraph 54, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

57.     Newton denies the allegations contained in paragraph 57 of the Amended Complaint.

58.     Newton denies the allegations contained in paragraph 57 of the Amended Complaint.

59.     Newton denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     Newton denies the allegations contained in paragraph 60 of the Amended Complaint.

61.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the identity of the alleged patient in paragraph 61, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

62.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the identity the alleged patient in paragraph 62, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

63.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the identity the alleged patient in paragraph 63, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

64.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the  identity the alleged patient in paragraph 64, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

65.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the identity the alleged patient in paragraph 65, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

66.     Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 66 and calls upon the Plaintiffs to prove same.

67.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the identity the alleged patient in paragraph 67, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

68.     Despite reasonable efforts to identify the person referenced, Newton is unable to confirm the identity the alleged patient in paragraph 68, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

69.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 69, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

70.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 70, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

71.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 71, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

72.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 72, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

73.     Despite reasonable efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 73, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

74.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 74, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

75.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 75, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

76.     Despite reasonable efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 76, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

77.     Newton lacks sufficient knowledge to admit or deny the allegations in paragraph 77 and calls upon the Plaintiffs to prove same.

78.     Despite diligent efforts to identify the person referenced, Newton is unable to identify the alleged patient in paragraph 78, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

79.     The email referenced in paragraph 79 speaks for itself and no further response is required.  Newton denies the remaining allegations contained in paragraph 79 of the Amended Complaint.

80.     Despite diligent efforts to identify the person referenced, Newton is unable to confirm the identity the alleged patient in paragraph 80, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

81.     Despite diligent efforts to identify the persons referenced, Newton is unable to confirm the identity the alleged patients in paragraph 81, and Newton lacks sufficient knowledge to admit or deny the allegations and calls upon the Plaintiffs to prove same.

82.     Newton admits that Ms. Muraya left her employment and denies the remaining allegations contained in paragraph 82 of the Amended Complaint.

83.     Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 83 of the Amended Complaint and calls upon the Plaintiffs to prove same.

84.    The allegations contained in paragraph 84 are unclear and confusing.  Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 84 of the Amended Complaint and calls upon the Plaintiffs to prove same.

85.    Newton denies the allegations contained in paragraph 85 of the Amended Complaint.

86.    The employment and pay records for Arbor speak for themselves and no further response is required.  Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 86 of the Amended Complaint and calls upon the Plaintiffs to prove same.

87.    Newton submits that the payroll records of Arbor speak for themselves and denies the remaining allegations contained in paragraph 87 of the Amended Complaint and calls upon the Plaintiffs to prove same.

88.    Newton admits that Mr. Ouko left his employment at Arbor on or about December 29, 2014, and denies the allegations contained in paragraph 88 of the Amended Complaint.

89.    Newton denies the allegations contained in paragraph 89 of the Amended Complaint.

90.    Newton states that the first sentence of paragraph 90 are conclusions of law and no further response is required.  In further answering, the applicable statutory and regulatory provisions of the Medicare program speak for themselves.  Newton denies the remaining allegations contained in paragraph 90.

91.    The allegations contained in paragraph 91 are unclear and confusing.  Newton lacks sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 91 of the Amended Complaint and calls upon the Plaintiffs to prove same.

92.    Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 92 of the Amended Complaint and calls upon the Plaintiffs to prove same.

93.    Newton denies the allegations contained in paragraph 93 of the Amended Complaint.

94.    Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 94 of the Amended Complaint and calls upon the Plaintiffs to prove same.

95.    Newton lacks sufficient knowledge to admit or deny the allegations contained in the first sentence of  paragraph 95 of the Amended Complaint and denies the remaining allegations and calls upon the Plaintiffs to prove same.

96.    To the extent such email exists, Newton submits the email speaks for itself.  Newton denies the remaining allegations contained in paragraph 96 of the Amended Complaint.

97.    Newton admits that Mr. Ouko provided a list of patients.  Newton lacks  sufficient knowledge to admit or deny the remaining allegations contained in paragraph 97 of the Amended Complaint and calls upon the Plaintiffs to prove same.

98.    The allegations contained in paragraph 98 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

99.    The allegations contained in paragraph 99 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

100. The allegations contained in paragraph 100 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

101. Newton denies the allegations contained in paragraph 101 of the Amended Complaint.

102. The allegations contained in paragraph 102 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

103. The allegations contained in paragraph 103 are legal conclusions for which no response is required.  In further answering, Newton states that the applicable statutory and regulatory provisions of the Medicare and MassHealth programs speak for themselves.

104. Newton denies the allegations contained in paragraph 104 of the Amended Complaint.

105. Newton denies the allegations contained in paragraph 105 of the Amended Complaint.

106. Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 106 of the Amended Complaint and calls upon the Plaintiffs to prove same.

107. Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 107 of the Amended Complaint and calls upon the Plaintiffs to prove same.

108.   Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 108 of the Amended Complaint and calls upon the Plaintiffs to prove same.

109.   Newton lacks sufficient knowledge to admit or deny the allegations contained in paragraph 109 of the Amended Complaint and calls upon the Plaintiffs to prove same.

110.   The allegations contained in paragraph 110 are legal conclusions for which no response is required. To the extent paragraph 110 makes factual allegations, Newton denies the allegations.

111.   Newton denies the allegations contained in paragraph 111 of the Amended Complaint.

112.   Newton denies the allegations contained in paragraph 112 of the Amended Complaint.

113.   Newton denies the allegations contained in paragraph 113 of the Amended Complaint.

114.   Newton denies the allegations contained in paragraph 114 of the Amended Complaint.

115.   The allegations contained in paragraph 115 are legal conclusions for which no response is required. To the extent paragraph 110 makes factual allegations, Newton denies the allegations.

116.   Newton denies the allegations contained in paragraph 116 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs fail to state a cause of action against defendants under the Federal False Claims Act.

### Third Affirmative Defense

Plaintiffs fail to state a cause of action against defendants under the Massachusetts False Claims Act.

### Fourth Affirmative Defense

Plaintiffs lack standing to raise some or all of the claims asserted and/or the relief sought in the Complaint.

### Sixth Affirmative Defense

The Complaint is barred, in whole or in part, because it requests relief not available under applicable law.

### Seventh Affirmative Defense

Plaintiffs fail to state a cause of action for retaliatory discharge in the Amended Complaint.

### Eighth Affirmative Defense

Some or all of the claims asserted in the Amended Complaint are barred, in whole or in part, by the equitable doctrine of laches, waiver, estoppel, unclean hands, accord and satisfaction, and/or offset of payment.

**Ninth Affirmative Defense**

Some or all of the claims asserted in the Amended Complaint are barred by the applicable statutes of limitations.

**Tenth Affirmative Defense**

Relators were lawfully discharged from Arbor for legitimate and non-retaliatory reasons.

**Eleventh Affirmative Defense**

Relators are guilty of unclean hands.  They were discharged from Arbor for legitimate and non-retaliatory reasons and initiated this frivolous litigation in retaliation against Defendants.

**Twelfth Affirmative Defense**

The Relators' claims are barred, in whole or in part, to the extent that they seek to impose on the Arbor Defendants obligations that are inconsistent with, or in excess of, those imposed by existing law and regulation in effect during the time period of the conduct alleged.

**Thirteenth Affirmative Defense**

All actions and/or omissions complained of were not willful but were made in good faith and based on reasonable grounds for believing such actions and/or omissions were not in violation of federal or state law nor any other applicable regulations and/or law.

**Fourteenth Affirmative Defense**

The Amended Complaint fails to state a claim for which statutory or punitive, compensatory, consequential, liquidated, or treble damages may be granted.

**Fifteenth Affirmative Defense**

The Complaint fails to state a claim for which attorneys' fees or costs can be awarded.

### Sixteenth Affirmative Defense

Some or all of the relief sought in the Complaint is barred in whole or in part because Defendant's actions were not malicious, egregious, in bad faith, intentional, willful, or recklessly indifferent to any legal rights of Plaintiffs.

### Seventeenth Affirmative Defense

The damages claimed by Plaintiffs are barred to the extent they are speculative in nature.

### Eighteenth Affirmative Defense

Defendant Newton hereby provides notice that she will rely upon such other defenses as may discovered or may become apparent hereinafter in this case and reserves the right to amend her Answer and rely upon such defenses.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having answered and responded to the allegations of Plaintiffs' First Amended Complaint, Defendant Faith Newton respectfully requests that:

1) Plaintiffs' claims be dismissed with prejudice in their entirety;

2) Each and every prayer for relief contained in Plaintiffs' First Amended Complaint be denied;

3) Judgment be entered in the Defendant's favor;

4) Defendant be awarded its costs, including reasonable attorneys' fees and expenses in the amount and manner permitted by applicable law; and

5) Defendant be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

FAITH NEWTON

By her attorney,

*/s/ Raymond Sayeg*
Raymond Sayeg (BBO # 555437)
KRATTENMAKER O'CONNOR & INGBER P.C.
1 McKinley Square, 5th Floor
Boston, MA  02109
Telephone: 617-523-1010
Fax: 617-523-1009
Dated:  October 21, 2016      rsayeg@koilaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Raymond Sayeg, hereby certify that on this 21st day of October, 2016, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

*/s/ Raymond Sayeg*
Raymond Sayeg
